Jonas B. Jacobson (Cal. Bar No. 287631)
jonas@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA PERSSON and JOHNATHAN ACEVEDO, each individually and on behalf of all others similarly situated,<br><br>　　　*Plaintiffs,*<br><br>v.<br><br>COZY EARTH HOLDINGS, INC.,<br><br>　　　*Defendant.* | Case No. 8:25-cv-01294<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# Table of Contents

I.     Introduction.............................................................................................1

II.    Parties. ..................................................................................................3

III.   Jurisdiction and Venue. .........................................................................4

IV.    Facts.......................................................................................................4

       A.    Defendant's fake sales and discounts....................................4

       B.    Defendant's advertisements are unfair, deceptive, and unlawful. ...............15

       C.    Defendant's advertisements harm consumers. ...................16

       D.    Plaintiffs were misled by Defendant's misrepresentations............17

       E.    Defendant breached its contracts with and warranties to Plaintiffs
             and the putative Class. ..........................................................24

       F.    No adequate remedy at law. ..................................................25

V.     Class Action Allegations.....................................................................26

VI.    Claims. .................................................................................................28

       First Cause of Action: Violation of California's False Advertising Law Bus.
             & Prof. Code §§ 17500 & 17501 et. seq. ..........................28

       Second Cause of Action: Violation of California's Consumer Legal
             Remedies Act  (By Plaintiffs and the Class)....................30

       Third Cause of Action: Violation of California's Unfair Competition Law..........32

       Fourth Cause of Action: Breach of Contract ...............................35

       Fifth Cause of Action: Breach of Express Warranty....................36

       Sixth Cause of Action: Quasi-Contract/Unjust Enrichment..................37

       Seventh Cause of Action: Negligent Misrepresentation ...........................37

       Eighth Cause of Action: Intentional Misrepresentation ..........................38

VII.   Relief.....................................................................................................39

**I.    Introduction.**

1.    Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they know that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.    While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.    Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

4.    Moreover, section 17501 of California's False Advertising Law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501. So, in addition to generally prohibiting untrue and misleading fake discounts, California's False Advertising Law also specifically prohibits this particular flavor of fake discount (where the advertised former price is not the prevailing price during the specified timeframe).

5.    In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

6.    And, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off of that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely

suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

7.      So, as numerous courts have found, fake sales violate these laws. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. *See* Cal. Bus. & Prof. Code § 17200.

8.      Defendant Cozy Earth Holdings, Inc. ("Cozy Earth" or "Defendant") makes, sells, and markets home textiles, clothing, and furniture products like bedding, pillows, towels, and chairs (the "Cozy Earth Products" or "Products"). The Products are sold online through Defendant's website, cozyearth.com.

9.      On its website, Defendant lists purported regular prices and advertises purported limited-time sales offering steep discounts from those listed regular prices, for example "20-25% OFF". Examples are shown below:



10.     Far from being time-limited, however, steep sitewide discounts on Defendant's Products are always available. As a result, everything about Defendant's price and purported discount advertising is false. The list prices Defendant advertises are not actually Defendant's regular prices, because Defendant's Products are always available for less than that. The purported discounts Defendant advertises are not the true discount the customer is receiving, and are often not a discount at all. Nor are the purported discounts limited time—quite the opposite, they are always available.

11.     As described in greater detail below, Ms. Persson and Mr. Acevedo (together "Plaintiffs") bought Products from Defendant through its website, cozyearth.com. When Plaintiffs made their purchases, Defendant advertised that sales were going on, and Defendant represented that the Products Plaintiffs purchased were being offered at a steep discount from the purported regular prices that Defendant advertised. And based on Defendant's representations, Plaintiffs believed that they were purchasing Products whose regular price and market value were the purported list prices that Defendant advertised, that they were receiving substantial discounts, and that the opportunity to get those discounts was time-limited. These reasonable beliefs are what caused Plaintiffs to buy from Defendant when they did.

12.     The representations Plaintiffs relied on, however, were not true. The purported regular prices were not the true regular prices that Defendant sells the Products for, the purported discounts were not true discounts, and the discounts were ongoing—not time-limited. Had Defendant been truthful, Plaintiffs and other consumers like them would not have purchased the Products, or would have paid less for them.

13.     Plaintiffs bring this case for themselves and for other customers who purchased Cozy Earth Products.

**II.    Parties.**

14.     Plaintiff Andrea Persson is domiciled in Irvine, CA.

15.     Plaintiff John Acevedo is domiciled in Chico, CA.

Class Action Complaint                    3                    Case No. 8:25-cv-01294

16.    The proposed Class includes citizens of California.

17.    Defendant Cozy Earth Holdings, Inc. is a Utah corporation with its principal place of business at 14395 S 950 W Suite 1, Bluffdale, UT 84065.

## III.    Jurisdiction and Venue.

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed Class are citizens of a state different from Defendant.

19.    The Court has personal jurisdiction over Defendant because Defendant sold Cozy Earth Products to consumers in California, including to Plaintiffs.

20.    Venue is proper under 28 U.S.C. § 1391(b)(1), 28 U.S.C. § 1391(c)(2), and 28 U.S.C. § 1391(d) because Defendant is subject to personal jurisdiction in this District with respect to this action, and would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Cozy Earth Products to consumers in California and this District, including to Ms. Persson. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Ms. Persson.

## IV.    Facts.

### A.    Defendant's fake sales and discounts.

21.    Defendant Cozy Earth manufactures, distributes, markets, and sells home textile, clothes, and furniture products including bedding, towels, pillows, loungewear, and chairs. Cozy Earth sells its Products directly to consumers online, through its website, cozyearth.com.

22.    On its website, Defendant creates the false impression that its Products' regular prices are higher than they truly are.

23.    At any given time, on its website, Defendant advertises steep discounts on its Products. These discounts offer "X% off" sitewide. Reasonable consumers reasonably interpret Defendant's advertisements to mean that they will be getting a

Class Action Complaint                    4                    Case No. 8:25-cv-01294

discount "off" of the prices that Defendant usually charges for its Products. Even though in truth these discounts run in perpetuity, Defendant prominently claims they are limited time by claiming that the sale is because they "Made Too Much" or is for some event or time period like a "New Year's Sale" or a "Summer Sale." And it advertises these discounts extensively: on an attention-grabbing banner on every webpage of its websites; in a large banner image on its homepage; on product category and individual product pages, and during checkout. Example screenshots are provided on the following pages:

*Captured June 7, 2023*



*Captured April 5, 2024*






*Captured April 9, 2024*

**MOTHER'S DAY SALE: 25-30% OFF + FREE SHIPPING**

Build Your Bed     Mother's Day Gifting

DISCOVER LUXURY SHE DESERVES

THE *ANNUAL MOTHER'S DAY SALE*

SAVE UP TO 30% OFF

*Captured April 24, 2024*









Bamboo Sheet Set
From $339 $271.20 *20% off*
+ 12 more
*Made with Bamboo Viscose*

Linen Bamboo Sheet Set
From $339 $271.20 *20% off*
*Made with Bamboo Viscose*

Bamboo Pillowcases
From $70 $54.45 *Up to 45% off*
+ 11 more
*Made with Bamboo Viscose*

Bamboo Duvet Cover
From $319 $255.20 *20% off*
+ 9 more
*Made with Bamboo Viscose*

*Captured July 16, 2024*

Class Action Complaint            7            Case No. 8:25-cv-01294



*Captured August 15, 2024*



*Captured August 30, 2024*



*Captured March 31, 2025*



*Captured March 31, 2025*

24.     Defendant represents that these discounts will only be available for a limited time, but in reality, they continue indefinitely. As depicted below, Defendant represents that it is offering a sale for Labor Day. To reasonable consumers, this means that shortly after Labor Day, Defendant's Products will no longer be on sale and will retail at their purported regular price. But immediately after each purportedly time-limited sale ends, Defendant generates another similar discount, with a new expiration date.

25.     For example, on September 10, 2024, Defendant advertised a Labor Day Extended Sale:

LABOR DAY EXTENDED SALE: UP TO 25% OFF + FREE SHIPPING $50+

Skincare    Best Sellers

DON'T MISS THIS LIMITED TIME OFFER

CELEBRATE LABOR DAY
EXTENDED SALE & SAVE UP TO 25%

SHOP THE SALE

*Captured September 10, 2024*

Class Action Complaint                    10                    Case No. 8:25-cv-01294

26.     However, on September 14, 2024, just a few days later, Defendant advertised the same sale ("UP TO 25% OFF") but now as a "FALL SALE."

FALL SALE: UP TO 25% OFF + FREE SHIPPING $50+

*Captured September 14, 2024*

27.     This 25% "FALL SALE" continued for several weeks and was immediately followed by a "COZY DAYS" sale of "UP TO 35% OFF." (Both sales shown below).



FALL SALE: UP TO 25% OFF + FREE SHIPPING $50+

Best Sellers

WORLD-CLASS SOFTNESS FOR EVERY SEASON
SAVE UP TO 25% OFF
FALL'S FINEST ESSENTIALS

SHOP THE SALE

*Captured October 1, 2024*

COZY DAYS: UP TO 35% OFF + FREE SHIPPING $50+

*Captured October 9, 2024*

Class Action Complaint                    11                    Case No. 8:25-cv-01294

28.     To confirm that Defendant always offers discounts off of purported regular prices, Plaintiffs' counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[1] That investigation confirms that Defendant's sales have persisted continuously. For example, 55 screenshots of Defendant's website, cozyearth.com, were collected from the Internet Archive's Wayback Machine, from between June 2023 and April 2025. One hundred percent of the 55 randomly selected screenshots of Defendant's website, captured on the Wayback Machine, displayed a purportedly time-limited, discount on Defendant's Products.

29.     Reasonable consumers do not realize the fake nature of the sale. It is not apparent from merely purchasing the Products, because the sale appears to be a bona fide sale. Consumers do not have any reason to go back to the website day after day to discover that there is still a sale. And, even a consumer who occasionally checks the website would reasonably believe that there happened to be another sale—especially when Defendant changes the names of its sales despite offering the same or a similar discount. Discovering Defendant's deception required extensive mining of internet archives, which revealed that the sale is not limited in time, that the discounts are fake, and that the advertised regular prices are fake.

30.     In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

31.     For example, on March 31, 2025, Defendant advertised a "SPRING SALE" for "UP TO 25% OFF." As part of this discount, Defendant listed purported regular prices in strikethrough font. So for its discounted Bamboo Coverlet, Defendant represented that it had a regular list price of $110 and a discount price of $88 after a 20% discount was applied:

---

[1] The Internet Archive, available at archive.org, is a library that archives web pages.  https://archive.org/about/.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23                                                                          *Captured March 31, 2025*

24        32.      But the truth is, the Bamboo Coverlet's listed regular price of $110.00 is

25  not its regular price. Instead, the purported regular price is much lower, because

26  Defendant always offers steep sitewide discounts on all of its Products. As a result,

27  Defendant's customers did not receive a true 20% discount, or $22.00 off. They received

28  a much lower discount, or no discount at all.

Class Action Complaint                    13                    Case No. 8:25-cv-01294

33.     Using these tactics, Defendant leads reasonable consumers to believe that they will get a discount on the Products they are purchasing if they purchase during the limited-time promotion. In other words, it leads reasonable consumers to believe that if they buy now, they will get a Product worth X at a discounted, lower price Y. This creates a sense of urgency: buy now, and you will receive something worth more than you pay for it; wait, and you will pay more for the same thing later.

34.     Based on Defendant's advertisements, reasonable consumers reasonably believe that the list prices Defendant advertises are Defendant's regular prices and former prices (that is, the price at which the goods were actually offered for sale on Defendant's website before the limited-time offer went into effect). In other words, reasonable consumers reasonably believe that the list prices Defendant advertises represent the amount that consumers formerly had to pay on Defendant's website for Defendant's goods, before the limited-time sale began, and will again have to pay for Defendant's goods when the sale ends. Said differently, reasonable consumers reasonably believe that, prior to the supposedly time-limited sale, consumers buying from Defendant on its website had to pay the list price to get the item and did not have the opportunity to get a discount from that list price.

35.     Reasonable consumers also reasonably believe that the list prices Defendant advertises represent the true market value of the Products, and are the prevailing prices for those Products; and that they are receiving reductions from those listed regular prices in the amounts advertised. In truth, however, Defendant always offers discounts off the purported regular prices it advertises. As a result, everything about Defendant's price and purported discount advertising is false. The list prices Defendant advertises are not actually Defendant's regular or former prices, or the prevailing prices for the Products Defendant sells. And, the list prices do not represent the true market value for the Products, because Defendant's Products are always available for less than that on Defendant's website, and customers did not have to formerly pay that amount to get those items. The purported discounts Defendant

advertises are not the true discount the customer is receiving, and are often not a discount at all. Nor are the purported discounts limited-time—quite the opposite, they are always available.

**B.    Defendant's advertisements are unfair, deceptive, and unlawful.**

36.    Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale, when it actually is not.

37.    Moreover, section 17501 of California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

38.    In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

39.    In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

40.    And finally, California's unfair competition law bans unlawful, unfair, and deceptive business practices. See Cal. Bus. & Prof. Code § 17200.

41.    Here, as described in detail above, Defendant makes untrue and misleading statements about its prices. Defendant advertises regular prices that are not its true regular prices, or its former prices, and were not the prevailing market price in the three

months immediately preceding the advertisement. In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods having certain former prices and/or market values without the intent to sell goods having those former prices and/or market values. Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including the existence of steep discounts, and the amounts of price reductions resulting from those discounts. And Defendant engaged in unlawful, unfair, and deceptive business practices.

**C.  Defendant's advertisements harm consumers.**

42.  Based on Defendant's advertisements, reasonable consumers would expect that the list prices Defendant advertises are the regular prices at which Defendant usually sells its Products and that these are former prices that Defendant sold its Products at before the time-limited discount was introduced.

43.  Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised list price and that they will receive the advertised discount from the regular purchase price.

44.  In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

45.  Consumers that are presented with discounts are substantially more likely to make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80%

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

46.    Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

47.    Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information. In addition, by this same mechanism, Defendant's advertisements artificially increase consumer demand for Defendant's Products. This puts upward pressure on the prices that Defendant can charge for its Products. As a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent the misrepresentations described above. So, due to Defendant's misrepresentations, Plaintiffs and the Class paid more for the Products they bought than they otherwise would have.

**D.    Plaintiffs were misled by Defendant's misrepresentations.**

48.    On or around April 29, 2023, Ms. Persson purchased a Bamboo Sheet Set from Defendant's website, cozyearth.com. She made this purchase while living in Irvine, California. At the time she made her purchase, Defendant's website was offering a supposed sale offering discounts off Defendant's list prices for purchases made during the supposed promotion. The website represented that the sheet set had a regular price of $449 plus tax but was on sale for a discounted price of $286.75 plus tax. And, the website represented that Ms. Persson would receive a discount of $162.25 on the sheets if she purchased during the sale.

---

[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[4] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversion rate for ad with countdown timer).

49.     In the email order confirmation that Defendant sent to Ms. Persson after she made her purchase, Defendant represented that Ms. Persson was receiving a discount of $162.25 and would pay $286.75 plus tax for the sheet set. See below:

**Cozy Earth Shipping Protection**
Quantity: 1
Details: 9.84

**Bamboo Sheet Set**
Quantity: 1
Details: White / California King

VIEW MY ORDER

| | |
|---|---|
| **Discount** | -$162.25 |
| **Subtotal** | $296.59 |
| **Tax** | $22.98 |
| **Shipping** | $0.00 |
| **Total** | $319.57 |

50.     On or around May 8, 2023, Ms. Persson purchased Premium Plush Bath Towels from Defendant's website, cozyearth.com. She made this purchase while living in Irvine, California. At the time she made her purchase, Defendant's website was offering a supposed Mother's Day Sale offering 25% off Defendant's list prices for purchases made during the supposed promotion. The website represented that the towels had a regular price of $270 plus tax but were on sale for a discounted price of $202.50 plus tax. And, the website represented that Ms. Persson would receive a discount of $67.50 on the towels if she purchased during the sale.

51.     In the email order confirmation that Defendant sent to Ms. Persson after she made her purchase, Defendant represented that Ms. Persson was receiving a $67.50 discount and would pay $202.50 plus tax for the towels. See below:



**Cozy Earth Shipping Protection**

Quantity: 1

Details: 6.24

**Premium Plush Bath Towels**

Quantity: 2

Details: White

VIEW MY ORDER

| | |
|---|---|
| **Discount** | -$67.50 |
| **Subtotal** | $208.74 |
| **Tax** | $16.18 |
| **Shipping** | $0.00 |
| **Total** | $224.92 |

52.     On or around May 9, 2023, Ms. Persson purchased a pajama set, a pair of shorts, and a lounge tee from Defendant's website, cozyearth.com. She made this purchase while living in Irvine, California. At the time she made her purchase, Defendant's website was offering a supposed sale offering discounts off Defendant's list prices for purchases made during the supposed promotion. The website represented that these Products would regularly cost $345 plus tax, but that Ms. Persson would receive a discount of $160 if she purchased these Products during the sale.

53.    In the email order confirmation that Defendant sent to Ms. Persson after she made her purchase, Defendant represented that Ms. Persson was receiving a $160 discount and would pay $185 plus tax for pajama set, shorts, and tee. See below:



54.    On or around December 14, 2022, Mr. Acevedo purchased a short sleeve pajama set and a long sleeve pajama set from Defendant's website, cozyearth.com. He made this purchase while living in Chico, California. At the time he made his purchase, Defendant's website was offering a supposed sale offering 25% off Defendant's list prices for purchases made during the supposed promotion. The website represented that the short sleeve pajama set had a regular price of $165 plus tax but was on sale for a

discounted price of $123.75 plus tax; and the long-sleeve pajama set had a regular price of $185 plus tax but was on sale for $138.75 plus tax. And, the website represented that Mr. Acevedo would receive a discount of $106 on the Products if he purchased during the sale.

55.    In the email order confirmation that Defendant sent to Mr. Acevedo after he made his purchase, Defendant represented that Mr. Acevedo was receiving a discount off the regular price for each Product he purchased. See below:



56.    On or around November 25, 2023, Mr. Acevedo purchased a sheet set from Defendant's website, cozyearth.com. He made this purchase while living in Chico, California. At the time he made his purchase, Defendant's website was offering a supposed sale off Defendant's list prices for purchases made during the supposed promotion. The website represented that the sheets had a regular price of $449 plus tax but were on sale for a discounted price of $219.40 plus tax. And, the website represented that Mr. Acevedo would receive a discount of $229.60 on the Products if he purchased during the sale.

57.    In the email order confirmation that Defendant sent to Mr. Acevedo after he made his purchase, Defendant represented that Mr. Acevedo was receiving a $229.60 discount off the regular price for the sheets and he would pay $219.40 plus tax for the Product. See below:

1
2
3
4
5
6
7
8
9
10
11
12
13

Bamboo Sheet Set
Quantity: 1
Details: Sage / California King

VIEW MY ORDER

| Discount | -$229.60 |
| Subtotal | $219.40 |
| Tax | $18.09 |
| Shipping | $0.00 |
| **Total** | **$237.49** |

14  58.    On or around November 27, 2023, Mr. Acevedo purchased a kimono robe
15  from Defendant's website, cozyearth.com. He made this purchase while living in Chico,
16  California. At the time he made his purchase, Defendant's website was offering a
17  supposed sale off Defendant's list prices for purchases made during the supposed
18  promotion. The website represented that the robe had a regular price of $140 plus tax
19  but was on sale for a discounted price of $42 plus tax. And, the website represented that
20  Mr. Acevedo would receive a discount of $98 on the Products if he purchased during the
21  sale.

22  59.    In the email order confirmation that Defendant sent to Mr. Acevedo after
23  he made his purchase, Defendant represented that Mr. Acevedo was receiving a $98
24  discount off the regular price for the robe and he would pay $42 plus tax for the
25  Product. See below:

26
27
28

Women's Stretch-Knit Bamboo Kimono Robe
Quantity: 1
Details: Ivory / M

VIEW MY ORDER

| | |
|---|---|
| **Discount** | –$98.00 |
| **Subtotal** | $42.00 |
| **Tax** | $3.47 |
| **Shipping** | $5.99 |
| **Total** | $51.46 |

60.     Plaintiffs read and relied on Defendant's representations on the website, specifically that the Products were being offered at a discount for a limited time and had the regular prices listed above. Based on Defendant's representations described and shown above, Plaintiffs reasonably understood that Defendant regularly (and before the promotion Defendant was advertising) sold the Products they was purchasing at the published regular prices, that these regular prices were the market value of the Products that they were buying, that they was receiving the advertised discounts as compared to the regular prices, and that advertised discounts were only available for a limited time (during the limited time promotion). They would not have made the purchases if they had known that the Products were not discounted as advertised, and that they were not receiving the advertised discounts.

61.     In reality, as explained above, Defendant's Products, including the Products that Plaintiffs purchased, were always or almost always available at a discounted price off of the purported regular prices. In other words, Defendant did not regularly sell the Products Plaintiffs purchased at the purported regular prices, and the Products were not

discounted as advertised. Plus, the sales were not limited time—Defendant's Products are always on sale.

62. Cozy Earth's customers face an imminent threat of future harm. For example, Mr. Acevedo would consider purchasing Products from Defendant again in the future if he could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Plaintiffs and other members of the putative Class have no realistic way to know which—if any—of Defendant's regular prices, discounts, and sales are not false or deceptive. For example, while Plaintiffs or another customer could watch Defendant's website for a sale on the day that it is supposed to end to see if the sale is permanent, doing so could result in them missing out on the sale (e.g., if the sale is actually limited in time, and not permanent). Accordingly, Plaintiffs are unable to rely on Defendant's advertising in the future, and so cannot purchase Products they may otherwise like to purchase.

### E. Defendant breached its contracts with and warranties to Plaintiffs and the putative Class.

63. When Plaintiffs, and other members of the putative Class, purchased and paid for the Cozy Earth Products that they bought as described above, they accepted offers that Defendant made, and thus, a contract was formed each time that they made purchases. Each offer was to provide Products having a particular listed regular price and market value, and to provide those Products at the discounted price advertised on the website.

64. Defendant's website and email confirmations list the market value of the items that Defendant promised to provide (which, for Plaintiffs, are shown above). Defendant agreed to provide a discount equal to the difference between the regular prices, and the prices paid by Plaintiffs and putative Class Members (also shown above for Plaintiffs). For example, Defendant offered to provide Ms. Persson (among other things) the sheet set with a market value of $449, and to provide a discount of $162.25.

Defendant also warranted that the regular price and market value of the Product Ms. Persson purchased was the advertised list price and warranted that Ms. Persson was receiving a specific discount on the Product.

65.    The regular price and market value of the items Plaintiffs and putative Class Members would receive, and the amount of the discount they would be provided off the regular price of those items, were specific and material terms of the contract. They were also affirmations of fact about the Products and a promise relating to the goods.

66.    Plaintiffs and other members of the putative Class performed their obligations under the contract by paying for the items they purchased.

67.    Defendant breached its contract by failing to provide Plaintiffs and other members of the putative Class with Products that have a regular price and market value equal to the regular price displayed, and by failing to provide the discount it promised. Defendants also breached warranties for the same reasons.

**F.    No adequate remedy at law.**

68.    Plaintiffs seek damages and, in the alternative, restitution. Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.

69.    A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims. For example, Plaintiffs' FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501. Plaintiffs may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of their legal claims.

70.    In addition, to obtain a full refund as damages, Plaintiffs must show that the Products they bought have essentially no market value. In contrast, Plaintiffs can

seek restitution without making this showing. This is because Plaintiffs purchased Products that they would not otherwise have purchased, but for Defendant's representations. Obtaining a full refund at law is less certain that obtaining a refund in equity.

71.    Furthermore, the remedies at law available to Plaintiffs are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

72.    Finally, legal damages are inadequate to remedy the imminent threat of future harm that Cozy Earth customers face. Only an injunction can remedy this threat of future harm. For example, Mr. Acevedo would purchase or consider purchasing Products from Defendant again in the future if he could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Plaintiffs and members of the putative Class have no realistic way to know which—if any—of Defendant's regular prices, discounts, and sales are not false or deceptive. Thus, they are unable to rely on Defendant's advertising in the future, and so cannot purchase Products they would like to purchase.

## V.    Class Action Allegations.

73.    Plaintiffs bring the asserted claims on behalf of the proposed Class of all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Cozy Earth Products advertised at a discount on Defendant's website.

74.    The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been

finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

75.    The proposed Class contains members so numerous that separate joinder of each member of the Class is impractical. There are tens or hundreds of thousands of Class Members.

76.    Class Members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

77.    There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express warranty;

(5) damages needed to reasonably compensate Plaintiffs and the proposed Class.

### Typicality & Adequacy

78.    Plaintiffs' claims are typical of the proposed Class. Like the proposed Class, Plaintiffs purchased Cozy Earth Products advertised at a discount on Defendant's website. There are no conflicts of interest between Plaintiffs and the Class.

### Superiority

79.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.    Claims.

### First Cause of Action:

### Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.

### (By Plaintiffs and the Class)

80.    Plaintiffs incorporate each and every factual allegation set forth above.

81.    Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

82.    Defendant has violated sections 17500 and 17501 of the Business and Professions Code.

83.    Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiffs and Class Members.

84.    As alleged more fully above, Defendant advertises former prices along with discounts. Defendant does this, for example, by crossing out a higher price (*e.g.*, $100.00) and displaying it next to a lower, discounted price. Reasonable consumers would understand prices advertised in strikethrough font from which time-limited discounts are calculated to denote "former" prices, i.e., the prices that Defendant charged before the time-limited discount went into effect.

85.    The prices advertised by Defendant are not Defendant's regular prices. In fact, those prices are never Defendant's regular prices (i.e., the price you usually have to pay to get the Product in question), because there is always a heavily advertised promotion ongoing entitling consumers to a discount. Moreover, for the same reasons, those prices were not the former prices of the Products. Accordingly, Defendant's statements about the former prices of its Products, and its statements about its discounts from those former prices, were untrue and misleading. In addition, Defendant's statements that its discounts are "limited time" and only "valid" for a certain time period are false and misleading too.

86.    In addition, Defendant has violated, and continues to violate, section 17501 of the Business and Professions Code by advertising former prices that were not the prevailing market price within three months next immediately preceding the advertising. As explained above, Defendant's advertised regular prices, which reasonable consumers would understand to denote former prices, were not the prevailing market prices for the Products within three months preceding publication of the advertisement because Defendant's Products are always discounted off of any purported regular price. And Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed. Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

87.    Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on the statements when purchasing Cozy Earth Products. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

88.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Cozy Earth Products.

89.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the Class.

90.    Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the truth, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

91.    For the claims under California's False Advertising Law, Plaintiffs seek all available equitable relief, including injunctive relief, disgorgement, and restitution in the

form of a full refund and/or measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

## Second Cause of Action:

### Violation of California's Consumer Legal Remedies Act

### (By Plaintiffs and the Class)

92. Plaintiffs incorporate each and every factual allegation set forth above.

93. Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

94. Plaintiffs and the Class are "consumers," as the term is defined by California Civil Code § 1761(d).

95. Plaintiffs and the Class have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

96. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

97. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to Class Members. Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and by advertising fake discounts.

98. Defendant violated, and continues to violate, section 1770 of the California Civil Code.

99. Defendant violated, and continues to violate, section 1770(a)(5) of the California Civil Code by representing that Products offered for sale have characteristics or benefits that they do not have. Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for Products.

100. Defendant violated, and continues to violate, section 1770(a)(9) of the California Civil Code. Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

101. And Defendant violated, and continues to violate section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available (4) misrepresenting the reason for the sale (*e.g.*, "Labor Day Sale," when in fact the sale is ongoing and not limited to Labor Day).

102. Defendant's representations were likely to deceive, and did deceive, Plaintiffs and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

103. Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing Cozy Earth Products. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

104. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Cozy Earth Products.

105. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the Class.

106. Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the

misrepresentation, and/or (c) they did not receive the discounts they were promised, and received products with market values lower than the promised market values.

107.    Accordingly, pursuant to California Civil Code § 1780(a), Plaintiffs, on behalf of themselves and all other members of the Class, seek injunctive relief.

108.    CLRA § 1782 NOTICE. On June 3, 2025, a CLRA demand letter was sent to Defendant's Utah headquarters and to Defendant's California registered agent via certified mail (return receipt requested) on behalf of Ms. Persson, that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Ms. Persson and for each member of the Class within 30 days of receipt, Ms. Persson and the Class will seek all monetary relief allowed under the CLRA.

109.    CLRA § 1782 NOTICE. On June 9, 2025, a CLRA demand letter was sent to Defendant's Utah headquarters and to Defendant's California registered agent via certified mail (return receipt requested) on behalf of Mr. Acevedo, that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Mr. Acevedo and for each member of the Class within 30 days of receipt, Mr. Acevedo and the Class will seek all monetary relief allowed under the CLRA.

110.    Plaintiffs' CLRA venue declarations are attached.

## Third Cause of Action:
### Violation of California's Unfair Competition Law
### (By Plaintiffs and the Class)

111.    Plaintiffs incorporate each and every factual allegation set forth above.

112.    Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

113.     Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

114.     Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here. In addition, Defendant engaged in unlawful conduct by violating the FTCA. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements. 15 U.S.C. § 45(a)(1), 15 USC § 52(a). As the FTC's regulations make clear, Defendant's false pricing schemes violate the FTCA. 16 C.F.R. § 233.1.

*The Deceptive Prong*

115.     As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

116.     Defendant's representations were misleading to Plaintiffs and other reasonable consumers.

117.     Plaintiffs relied upon Defendant's misleading representations and omissions, as detailed above.

*The Unfair Prong*

118.     As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

119.     Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

120.     The harm to Plaintiffs and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to

consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

121.    Plaintiffs and the Class could not have reasonably avoided this injury. As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiffs.

122.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

123.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Cozy Earth Products. Defendant's representations were a substantial factor in Plaintiffs' purchase decisions.

124.    In addition, class-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Cozy Earth Products.

125.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the Class Members.

126.    Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received products with market values lower than the promised market values.

127.    For the claims under California's Unfair Competition Law, Plaintiffs seeks all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

**Fourth Cause of Action:**

**Breach of Contract**

**(By Plaintiffs and the Class)**

128.    Plaintiffs incorporate each and every factual allegation set forth above.

129.    Plaintiffs bring this cause of action on behalf of themselves and the Class.

130.    Plaintiffs and Class Members entered into contracts with Cozy Earth when they placed orders to purchase Products on Defendant's website.

131.    The contracts provided that Plaintiffs and Class Members would pay Cozy Earth for the Products ordered.

132.    The contracts further required that Cozy Earth provide Plaintiffs and Class Members with Products that have a market value equal to the regular prices displayed on the website. They also required that Cozy Earth provide Plaintiffs and Class Members with the discount advertised on the website and listed in the receipt. These were specific and material terms of the contract.

133.    The specific discounts were a specific and material term of each contract, and were displayed to Plaintiffs and Class Members at the time they placed their orders.

134.    Plaintiffs and Class Members paid Cozy Earth for the Products they ordered, and satisfied all other conditions of their contracts.

135.    Cozy Earth breached the contracts with Plaintiffs and Class Members by failing to provide Products that had a market value equal to the regular price displayed on its website, and by failing to provide the promised discount. Cozy Earth did not provide the discount that Cozy Earth had promised.

136.    Plaintiffs provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's Utah headquarters and to Defendant's California registered agent on June 3, 2025 (for Ms. Persson) and June 9, 2025 (for Mr. Acevedo).

137.    As a direct and proximate result of Defendant's breaches, Plaintiffs and Class Members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

138.    For the breach of contract claims, Plaintiffs seek all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

**Fifth Cause of Action:**

**Breach of Express Warranty**

**(By Plaintiffs and the Class)**

139.    Plaintiffs incorporate each and every factual allegation set forth above.

140.    Plaintiffs bring this cause of action on behalf of themselves and the Class.

141.    Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of Cozy Earth Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

142.    This warranty was part of the basis of the bargain and Plaintiffs and members of the Class relied on this warranty.

143.    In fact, the Cozy Earth Products' stated market value was not the market value. Thus, the warranty was breached.

144.    Plaintiffs provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's Utah headquarters and to Defendant's California registered agent on June 3, 2025 (for Ms. Persson) and June 9, 2025 (for Mr. Acevedo).

145.    Plaintiffs and the Class were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Products if they had known that the warranty was false, (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty, and/or (c) they did not receive the Products as warranted that they were promised.

146. For their breach of express warranty claims, Plaintiffs seek all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

**Sixth Cause of Action:**

**Quasi-Contract/Unjust Enrichment**

**(By Plaintiffs and the Class)**

147. Plaintiffs incorporate paragraphs 1-62 and 68-79 above.

148. Plaintiffs bring this cause of action in the alternative to their Breach of Contract and Breach of Warranty claims (Counts Four and Five) on behalf of themselves and the Class.

149. As alleged in detail above, Defendant's false and misleading advertising caused Plaintiffs and the Class to purchase Cozy Earth Products and to pay a price premium for these Products.

150. In this way, Defendant received a direct and unjust benefit at Plaintiffs' expense.

151. (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiffs and other Class Members are void or voidable.

152. Plaintiffs and the Class seek restitution, and in the alternative, rescission.

153. For the quasi-contract/unjust enrichment claims, Plaintiffs seek all available equitable relief, including injunctive relief, disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

**Seventh Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiffs and the Class)**

154. Plaintiffs incorporate each and every factual allegation set forth above.

155. Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

Class Action Complaint                    37                    Case No. 8:25-cv-01294

156.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiffs and Class Members concerning the existence and/or nature of the discounts and savings advertised on its website.

157.    These representations were false.

158.    When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

159.    Defendant intended that Plaintiffs and Class Members rely on these representations and Plaintiffs and Class Members read and reasonably relied on them.

160.    In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Cozy Earth Products.

161.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class Members.

162.    Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that the representations were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and /or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

163.    For the negligent misrepresentation claims, Plaintiffs seek all damages available including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

### Eighth Cause of Action:

### Intentional Misrepresentation

### (By Plaintiffs and the Class)

164.    Plaintiffs incorporate each and every factual allegation set forth above.

165.   Plaintiffs bring this cause of action on behalf of themselves and members of the Class.

166.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiffs and Class Members concerning the existence and/or nature of the discounts and savings advertised on its website.

167.   These representations were false.

168.   When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

169.   Defendant intended that Plaintiffs and Class Members rely on these representations and Plaintiffs and Class Members read and reasonably relied on them.

170.   In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Cozy Earth Products.

171.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and Class Members.

172.   Plaintiffs and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known that the representations were false, (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation, and /or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

173.   For the intentional misrepresentation claims, Plaintiffs seek all damages available including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiffs and the Class as a result of Defendant's unlawful conduct.

**VII.   Relief.**

174.   Plaintiffs seek the following relief for themselves and the Class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed Class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## **Demand For Jury Trial**

175.   Plaintiffs demand the right to a jury trial on all claims so triable.


Dated: June 16, 2025                                    Respectfully submitted,

By: _/s/ Martin Brenner_

Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorney for Plaintiffs*

Class Action Complaint                    40                    Case No. 8:25-cv-01294